UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BERNARD FULLER,

                      Petitioner,

      -against-                                04 Civ. 5065 (RJH) (FM)

                                      **ORDER**

SUSAN I. SCHULTZ,

                      Respondent.

Petitioner Bernard Fuller ("Fuller") brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his October 29, 2001 conviction by guilty plea on three counts of third degree burglary in the Supreme Court, New York County. On November 19, 2007, Magistrate Judge Frank Maas issued a Report and Recommendation ("Report") recommending that Fuller's petition be denied and that a certificate of appealability should not issue. Fuller filed objections to the Report dated November 27, 2007. Fuller bases his objections on the assertion that the trial court lacked jurisdiction over his case as a result of procedural defects in the indictment. More specifically, he argues that there were actually two indictments presented to two different grand juries, that the first indictment was dismissed, and that the second indictment improperly included the charges that had been dismissed in the earlier one. *Id.* Having undertaken a *de novo* of the Report, the Court adopts the Report in its entirety and dismisses Fuller's petition.

**DISCUSSION**

The standard of review in habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, 28 U.S.C. § 2254 (d), habeas petitions may not be granted "unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254 (d) (1), (d) (2). A decision is "contrary to…clearly established Federal law, as determined by the Supreme Court" "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A decision is "an unreasonable application of[] clearly established Federal law" when "the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409. The "objectively reasonable" standard "falls somewhere between 'merely erroneous and unreasonable to all reasonable jurists.'" *Jones v. Vacco*, 229 F.3d 112, 119 (2d Cir. 2000). Finally, with regard to "unreasonable determination[s] of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. §§ 2254 (d) (2), factual determinations made by State courts are "presumed to be correct" and the habeas petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254 (e) (1); *see Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (citing *Miller-El v. Cockrell*, 537 U.S.

322, 340 (2003) (stating that the standard for rebutting the presumption of correctness is "demanding but not insatiable")).

Petitioner herein contends that the trial court was without jurisdiction to accept his guilty plea because the underlying indictment was unlawfully obtained. Relying upon entries in his rap sheet and certain docket entries he claims that a grand jury returned an indictment relating to two burglary incidents occurring in April 2001, but that all charges were dismissed. Fuller further claims that a second indictment was then brought relating to a January 2001 burglary incident as well as the dismissed April 2001 burglary incidents. He asserts that as a result of the dismissal of the first indictment the trial court lacked jurisdiction over the second indictment and thereby violated his due process rights by accepting his guilty plea on the second indictment. Addressing a parallel claim that this alleged procedure violated state law,[1] Acting Supreme Court Justice Drager carefully reviewed the record and concluded as follows:

> The Court is satisfied from a review of the grand jury minutes that the charges which arose from all three incidents were presented to one grand jury on April 8, 2001. Moreover, it is clear from a review of the indictment, which arose out of the April 18th presentation, that a true bill was voted on all counts. Finally, it is equally clear that the consolidation of the two indictment numbers ordered by Judge Scherer was done to rectify a clerical error and that there were never two indictments in this matter only two indictment numbers.

Declaration of Assistant Attorney General Frederick H. Wen, dated February 16, 2007, Exhibit F at 2. The Magistrate Judge reviewed the same record and reached the same

---
[1] Petitioner argued in state court that the purported dismissal of the first indictment and the 'resubmission' of dismissed charges relating to the April burglaries together with charges relating to the January burglary was contrary to New York CPL § 190.75(3). However, this section relates to charges dismissed by a grand jury prior to indictment and has no bearing on the dismissal by a court of charges brought in an indictment. *Id.*

3

conclusion. Report 4-5. This Court discerns no error in either judge's analysis and concludes that petitioner's claim, whatever its underlying legal theory, is meritless.

Subsequent to filing his objections to the Report dated November 27, 2007 petitioner submitted on December 3, 2007 a copy of a "Response to Respondent's Answer" previously submits to Magistrate Judge Maas in February, 2007. To the extent that petitioner intended this document to constitute a supplement to his objections, the submission is necessarily a "rehashing of the same arguments set forth in the original papers," which arguments subject the Report only to review for clear error. *Singh v. U.S. Sec. Assocs., Inc.*, No. 1:05 Civ. 5333 (DAB), 2008 WL 2324110 at * (S.D.N.Y. June 4, 2008) (internal quotation marks omitted). Having made a *de novo* review of the entire Report the Court finds no error under either standard.

## CONCLUSION

The Court adopts the Report of Magistrate Judge Frank Maas in its entirety and denies the petition for a writ of habeas corpus. In addition, the Court declines to issue a certificate of appealability as the petitioner has not made a substantial showing of a denial of a federal right. *See Tankleff v. Senkowski*, 135 F.3d 235, 241 (2d Cir. 1998). The Court also finds pursuant to 28 U.S.C. 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: New York, New York
August 27, 2008

Richard J. Holwell
United States District Judge

4